# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| NATHANIEL GREEN, ) | C/A No. 4:16-1052-PMD-TER |
| ) | |
| Petitioner, ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| WARDEN, KERSHAW CORRECTIONAL ) | |
| INSTITUTION, ) | |
| ) | |
| Respondent. ) | |

Petitioner, Nathaniel Green ("Petitioner/Green"), is an inmate in the custody of the South Carolina Department of Corrections (SCDC). On July 11, 2016, Petitioner filed a supplement to his petition. (Doc. #17). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on April 4, 2016. Respondent filed a motion for summary judgment on September 2, 2016, along with a return and supporting memorandum. The undersigned issued an order filed September 2, 2016, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the Motion for Summary Judgment procedure and the possible consequences if he failed to file a response. Petitioner filed a response on September 27, 2016, and Respondent filed a reply on October 6, 2016.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

As set forth below, it is recommended that Respondent's Motion for Summary Judgment be granted and this action be dismissed.

## **PROCEDURAL HISTORY**

The procedural history as set forth by the Respondent in his memorandum has not been seriously disputed as Petitioner did not file a response. Therefore, the undersigned will set out the undisputed procedural history as set forth by the Respondent, in part.

The Petitioner is presently confined in the Kershaw Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment of the Spartanburg County Clerk of Court. The Petitioner was indicted in November 2004 by the Spartanburg County Grand Jury for trafficking in ten to twenty-eight grams of crack cocaine. App.p. 149-50. Petitioner was represented by Thomas M. Boggs, Esquire. On February 15, 2005, Petitioner waived his right to a jury trial and elected to have a bench trial before the Honorable J. Derham Cole. The State was represented by Assistant Solicitors Sara Ganss and Susan Porter. Petitioner was found guilty of trafficking in cocaine by Judge Cole and sentenced to confinement for a period of twenty-five (25) years.

A timely Notice of Appeal was filed on Petitioner's behalf on February 23, 2005. Petitioner was represented by Chief Appellant Defender Joseph L. Savitz, III of the South Carolina Commission on Indigent Defense, Division of Appellate Defense. On July 25, 2006, appellate counsel filed an <u>Anders</u> brief and petitioned to be relieved of counsel. In the Final <u>Anders</u> brief, counsel presented the following issue:

> The judge erred in failing to treat appellant's two prior
> convictions as a single offense for the purpose of sentencing, as
> provided in S.C. Code Section 17-25-50.

On September 13, 2006, Petitioner filed a *pro se* brief raising the same issue that appellate counsel raised in the <u>Anders</u> brief. The South Carolina Court of Appeals dismissed Petitioner's appeal by written order on June 11, 2007, and granted counsel's motion to be relieved. Petitioner did not seek a rehearing or certiorari to the South Carolina Supreme Court. The remittitur was issued on June 27, 2007.

**PCR**

On June 23, 2008, Petitioner filed an Application for Post-Conviction Relief (PCR) In the application, filed *pro se*, he alleged:

1. Ineffective Assistance of Counsel.
2. Failure to argue "ambiguities in title 17-25-50,"
3. Failure to object to chain of custody,
4. Failure to challenge the credibility of drugs,
5. Failure to object to the State's line of questions on direct, and
6. Brady violation where the state withheld information

(App.p. 58-69, 72).

The Respondent made its Return on or about February 4, 2009. App.p. 71-74. An evidentiary hearing into the matter was convened on July 27, 2009, before the Honorable J. Mark Hayes, II. App.p. 76-120. Vanessa Cason, Esquire, represented the Applicant. Michelle Parsons Kelley, Esquire, of the South Carolina Attorney General's Office, represented the Respondent. Judge Hayes denied and dismissed the application by written

3

order dated November 2, 2009. App.p. 141-147. On November 13, 2009, Petitioner's counsel filed a Rule 59(e) Motion to Alter or Amend the Judgment. On December 2, 2009, Judge Hayes denied the motion.

On July 14, 2010, the Petitioner, through appointed appellate counsel, Lanelle Cantey Durant, Appellate Defender of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, filed a <u>Johnson</u> petition for writ of certiorari and a request to be relieved as counsel stating "[i]n her opinion seeking certiorari from the order of dismissal is without merit" raising the following issue:

> Did the PCR court err by failing to find trial counsel ineffective for not investigating the chain of custody Form C which had the wrong person named as the person who made the original seizure and for not objecting to the admission of the drugs due to the inaccurate chain of custody Form C?

On June 21, 2011, the Supreme Court granted Petitioner's motion to substitute J. Faulkner Wilkes as counsel. On October 21, 2011, Petitioner's counsel filed a motion requesting leave from the Supreme Court to hold the PCR appeal in abeyance in order to file a Rule 60(b) Motion for Relief from Judgment. The motion was granted and counsel filed the motion on February 9, 2012. On January 21, 2014, an evidentiary hearing was convened before the Honorable Roger L. Couch. Petitioner was present and represented by J. Faulkner Wilkes. The Respondent, through Assistant Attorney General Suzanne White, made a Return to the petition. On August 28, 2014, Judge Couch denied and dismissed with prejudice the 60(b) Motion and issued a written order. The Judge concluded, after a review of the submitted memoranda and entire record, that Petitioner had not established any

4

constitutional violations or deprivations.

On September 29, 2014, Petitioner's counsel moved to withdraw the original Johnson petition and re-file a Petition for Writ of Certiorari and Supplemental Appendix. On December 4, 2014, the Supreme Court granted the motion. Petitioner's counsel filed the substituted Petition for Writ of Certiorari and Supplemental Appendix on February 9, 2015. (Attachment 2; Attachment 15). The State made its return to the petition on June 22, 2015. (Attachment 16). In an order issued February 12, 2016, the Supreme Court of South Carolina denied the Petition for Writ of Certiorari. (Attachment 17, Supreme Court Order Denying Petition for Writ of Certiorari). The Court issued a remittitur on March 1, 2016. (Attachment 18). The Spartanburg County Clerk's Office filed the remittitur on March 4, 2016. (Attachment 19).

## **GROUNDS FOR RELIEF**

In his *pro se* Petition for Writ of Habeas Corpus, Petitioner raises the following ground for relief, quoted verbatim:

GROUND ONE: Ineffective assistance of counsel for failure to object to fraudulent chain of custody document.

Supporting Facts: Petitioner went to trial February 15, 2005 on one trafficking in crack cocaine charge [04-GS042-4993. A bence (sic) trial was held before the Honorable J. Derham Cole. There was evidence given concerning the chain of custody best evidence. Spartanburg evidence officers did not give live testimony. Instead a fraudulent chain of custody document was use to complete the chain evidence. In an unrelated

5

> case Gibson v. State Spartanburg evidence officers admitted to photo copying their signature on incomplete chain of custody. In Gibson case petitioner's chain of custody were use as evidence to show fraud. Gibson and petitioner use the same evidence so their cases were both consolidated and presented for review.

(Petition)(errors in original).

## SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question

whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## STANDARD OF REVIEW

Since Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. See O'Brien v. DuBois, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review."). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the Petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d). See

Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.

## **DISCUSSION AS TO STATUTE OF LIMITATIONS**

The Respondent asserts that the Petitioner's claims must be dismissed as untimely. Petitioner filed a response asserting the following with regard to the Respondent's timeliness issue:

> Although there are evidence of Green being timed bared. At the time Green was not aware of any time that he must meet. This isn't an excuse, but for this court to deny his petition for writ of habeas corpus would be a miscarriage of justice.

(Doc. #27 at 11).

The applicable law is as follows: The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C.

9

§ 2244 to establish a one-year statute of limitations for filing habeas petitions.[2] Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a "properly filed" application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

As stated under the procedural history, Petitioner was found guilty in a bench trial and

---

[3] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. Duarte v. Hershberger, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

10

sentenced on February 15, 2005. He filed an appeal that was dismissed by the South Carolina Court of Appeals on June 11, 2007. Petitioner did not file a petition with the South Carolina Supreme Court for rehearing.[3] The remittitur was issued on June 27, 2007. Petitioner filed his PCR application on June 23, 2008. The statute remained tolled until, at the very latest, March 4, 2016, upon the filing of the remittitur in the Spartanburg County Clerk's Office after the South Carolina Supreme Court's order of February 12, 2016, denying the petition for writ of certiorari.[4] Petitioner filed his federal habeas petition on April 4, 2016. However, the Houston v. Lack, 487 U.S. 266 (1988), delivery date is unclear. The prison mailroom date stamp on the envelope is not legible. The last page of the petition is dated February 25, 2016, and stamped "Received Feb.25, 2016 PCI Mailroom." The return address on the envelope containing the petition was Kershaw Correctional Institution not the "P. C. I. Mailroom." Additionally, the date the petition was signed, February 25, 2016, was before the remittitur was issued. Therefore, it is not clear from the evidence in the record if the petition is time barred so that it will be addressed on the merits.

**GROUND ONE**

Petitioner argues in Ground One that trial counsel was ineffective in failing to object to a fraudulent chain of custody of a document that contained photocopied signatures.

---

[3] See Rule 221(a), SCACR ("Petitions for rehearing must be actually received by the appellate court no later than fifteen days after the filing of the opinion, order, judgment, or decree of the court.").

[4] See Beatty v. Rawski, 97 F. Supp 3d 768 (D.S.C. 2015) ("[t]he final disposition of Petitioner's PCR did not occur until the remittitur was filed in the state circuit court," and thus the 28 U.S.C. §2254(d)(1) statute of limitations is tolled until that time).

Respondent concedes that this issue is preserved as it was raised to both PCR courts, ruled on, and raised in the PCR appeal. However, Respondent argues Petitioner cannot show that the state courts made an unreasonable determination of the facts or that he unreasonably applied federal law in denying relief upon this claim.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland, supra, the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Strickland, at 694.

The court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the <u>wide</u> <u>range</u> of professionally competent assistance. (Emphasis added.)

<u>Id</u>.; <u>Williams v. Taylor</u>, 529 U.S. 362, 120 S.Ct. 1495 (2000)(confirming the <u>Strickland</u> analysis).

The first PCR court held the following with respect to this issue:

> This Court finds the Applicant's testimony to be lacking in credibility, while Counsel's testimony was credible. The Applicant claimed counsel failed to object to the chain of custody issues. Counsel testified he did not notice signature discrepancies prior to the trial, in arguing his claim, the Applicant provided chain of custody forms from an unrelated case, as well as his own. Counsel did not have the benefit of the forms from the unrelated case prior to trial. The Applicant also failed to provide original copies of either form, raising questions of authenticity. This Court finds Counsel was not ineffective for failing to further investigate this issue. Counsel did not have reason to believe the forms contained false signatures at the time of trial. As a result, his actions in this regard were reasonable. This court denied and dismissed this claim.

(Tr. 145).

As previously discussed, Petitioner filed a 60(b) motion on February 9, 2012, seeking relief from the previous PCR Order of Dismissal. A second evidentiary hearing was held on January 21, 2014, before Judge Roger L. Couch. Judge Couch entered an order of dismissal

13

on August 28, 2014, finding the following with relation to this issue, quoted verbatim, in part:

> As to the relevant portions of the record, this Court finds it pertinent that at Applicant's trial, the State introduced the videotape of the confidential informant buy, a photo lineup with the Applicant identified as the person selling drugs, as well as the crack cocaine in the BEST bag and analysis report, including chain of custody documents. At trial, Investigator Raymond, the lead investigator on the controlled buy, identified the BEST bag, State's Exhibit #6, as the same bag he used to collect the drugs from Keith Person and identified his [Raymond's] signature on the bag. Raymond testified that he placed the BEST bag in the Sheriff's Office Evidence locker. Raymond also identified his signature on the chain of custody documents, State's Exhibit #7. Keith Pearson, the confidential informant, identified his signature on State's exhibit #7 as his signature once he handed over the drugs to Investigator Raymond.
>
> Analysis Beth Vaughn testified as to her process for reviewing the BEST bag to ensure that there has not been any tampering with the evidence prior to her analysis. Vaughn identified the BEST bag, State's Exhibit #6, with her initials and the date the bag was opened, as well as her initials and the date she resealed the bag following her analysis. Vaughn also identified the chain of custody documents, State's Exhibit #7, including the Form A, which was signed by Vaughn following her analysis of the drugs.
>
> . . . Both Rosenburg and Millwood testified as to their policies and procedures for handling evidence transfer from the Drop off of the Sheriff's Office to the Chemical Analysis Drop off. The Form C from Applicant's case has the date the BEST bag was received by Jane Millwood from the drop box (7-1-04) and indicates that the BEST bag was submitted by Investigator Raymond. The form further indicates that Millwood then delivered the BEST bag to the drug vault of the Sheriff's office on 7-1-04.
>
> This Court finds that although the testimony and evidence

14

> presented during the Gibson PCR hearing shows a practice of pre-notarizing the signature of the evidence custodian and then using copied forms to enter each piece of evidence, there is no indication that the evidence was ever tampered with or affected by this process in Applicant's case. The Applicant failed to meet his burden of proving that the outcome of his trial would have been different had Counsel known of this practice and objected to the chain of custody prior to trial. In fact, had Counsel made a pre-trial objection, the issue would have most likely been moot as soon as the State called Jane Millwood to testify.
>
> Further, this Court finds that in actuality neither the Form C nor testimony of Millwood was necessary according to case law. The South Carolina Supreme Court held that "where all individuals in the chain are, in fact, identified and the manner of handling is reasonably demonstrated, it is not an abuse of discretion of the trial judge to admit the evidence in the absence of proof of tampering, bad faith, or ill-motive." . . .
>
> . . . The record clearly establishes that the evidence was obtained by the confidential informant, Investigator Raymond, secured the evidence and submitted it for analysis, and it was subsequently analyzed and confirmed to be crack cocaine. This Court finds that even if counsel were deficient for failing to challenge the chain of custody on these grounds, there is no evidence that the Applicant was prejudiced by counsel's failure to do so. The evidence submitted at trial was overwhelming and as such, this Court finds no prejudice. . .

(Respondent's Attachment #12).

This issue was raised in the Petition for Writ of Certiorari and denied by the Supreme Court of South Carolina. (Respondent's attachment #17).

The PCR court found counsel's testimony to be credible while finding Petitioner's testimony to be lacking in credibility. (Tr. 145). The PCR court's factual determination regarding credibility is entitled to deference in this action. Cagle v. Branker, 520 F.3d 320,

15

324 (4th Cir.2008), (citing 28 U.S.C. § 2254(e)(1) (for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear)); see also Marshall v. Lonberger, 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed.2d 646, (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them"). At the first PCR hearing, the PCR court found counsel was not ineffective for failing to further investigate the issue as he did not have reason to believe the forms contained false signatures at the time of trial. The second PCR court held that even though there was a practice of pre-notarizing the signature of the evidence custodian and then using copied forms to enter each piece of evidence, there was no indication that the evidence was ever tampered with or affected by this process in Petitioner's case. A presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, 220 F.3d 306 (4th Cir. 2000). The state PCR court's findings of fact are not only entitled to the presumption of correctness, 28 U.S.C. § 2254(e)(1), but also are supported by the record. Accordingly, the PCR court's findings was not contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2). Additionally, the PCR court found that based on South Carolina law, neither the Form C nor testimony was necessary as a

prerequisite to establishing a chain of custody sufficient for admissibility.[5]

Even assuming *arguendo* that counsel erred in failing to object to the chain of custody due to the pre-notarized forms, the PCR court found that there was no prejudice stating ". . . even if counsel were deficient for failing to challenge the chain of custody on these grounds, there is no evidence that the Applicant was prejudiced by counsel's failure to do so. The evidence submitted at trial was overwhelming and as such, this Court finds no prejudice." (Attachment #12 at 6).

The PCR court's finding that there was not prejudice under the Strickland standard due to overwhelming evidence of guilt and state law did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding and was neither contrary to, nor an unreasonable application, of established federal law. Thus, it is recommended that the Respondent's Motion for Summary Judgment be granted as to Ground One.

---

[5] A state court's decision on a question of state law is binding in federal court. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Thomas v. Davis, 192 F.3d 445, 449 n. 1 (4th Cir. 1999). Furthermore, a chain of custody claim is not cognizable in a federal habeas action because it presents a matter of state law. See Pulley v. Harris, 465 U.S. 37, 41(1984) ("A federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law."). South Carolina's chain of custody rules are matters of state evidentiary law and trial procedure. See State v. Sweet, 647 S.E.2d 202, 206 (S.C. 2007) ( "Where other evidence establishes the identity of those who have handled the evidence and reasonably demonstrates the manner of handling the evidence, our courts have been willing to fill gaps in the chain of custody due to an absent witness" and "the chain of custody need not negate all possibility of tampering so long as the party seeking to admit the evidence has established a complete chain of custody at least as far as practicable." (Internal cites omitted)).

## **CONCLUSION**

For the reasoning set forth above, it is RECOMMENDED that Respondent's Motion for Summary Judgment (document #23) be GRANTED in its ENTIRETY, and the petition be dismissed without an evidentiary hearing.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 28, 2017
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**